UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-23220-GAYLES/GOODMAN

**LOVERS INDUSTRIAL USA, LLC,**

    Plaintiff,

v.

**LOVERS INDUSTRIAL CORPORATION, B.V.**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Verified Motion to Remand for Lack of Subject Matter Jurisdiction (the "Motion"). [ECF No. 18]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Court concludes that it lacks subject matter jurisdiction over this action. Accordingly, Plaintiff's Motion to Remand is **GRANTED**.

## BACKGROUND

On July 26, 2024, Plaintiff Lovers Industrial USA, LLC ("Plaintiff") filed this action against Defendant Lovers Industrial Corporation B.V. ("Defendant") in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1-1]. The Complaint raises claims relating to a licensing agreement. *Id.* On August 23, 2024, Defendant removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(2).[1] [ECF Nos. 1, 14]. On

---

[1] In its Notice of Removal, Defendant alleged that removal was based on 28 U.S.C. § 1332(a)(1). [ECF No. 1]. In its Notice of Filing Supplement and Correction to Defendant's Notice of Removal, [ECF No. 14], Defendant amends its Notice of Removal and alleges that it removed the case based on 28 U.S.C. § 1332(a)(2).

October 18, 2024, Plaintiff moved to remand arguing the parties are not completely diverse. [ECF No. 18].

I.     **Plaintiff**

Plaintiff is a Florida limited liability company. Its members are Cindy van der Dijs ("Cindy") and Oswald van der Dijs III ("Oswald").[2] Cindy and Oswald are both dual citizens of the United States and the Kingdom of the Netherlands.

   A.     **Cindy and Oswald's Ties to Florida**

Cindy and Oswald were both born in Miami, Florida. They each have social security numbers, Florida driver's licenses, and phone numbers with Miami-based area codes. Both are registered to vote in Florida.

In the Complaint, Plaintiff alleges that Cindy, Oswald, and their mother had to put their home (the "Cutler Bay Home") on the market because of Defendant's purported failure to pay Plaintiff royalties. [ECF No. 1 ¶ 54]. Based on the parties' filings, this home is in Cutler Bay, Florida, and is owned by Margaret A. van der Dijs ("Margaret"). [ECF No. 22-1]. At the time of removal, the Cutler Bay Home was listed for sale. [ECF No. 19-4, p. 4]. It was then taken off the market on October 5, 2024. *Id.* On October 30, 2024, Margaret signed an exclusive listing agreement with a new realtor, and the Cutler Bay Home was again for sale. [ECF No. 22-1].

Cindy is a member/manager of Akici LLC, a Florida limited liability company. [ECF No. 14-1].[3] On July 9, 2023, Cindy appeared in a promotional TikTok video for Akici's Thyme Machine food truck business in South Florida. [ECF No. 14-6]. Cindy also appears to have some

---

[2] According to the Complaint, Cindy and Oswald III are the children of Oswald van der Dijs, the founder of the Lovers Brand, a manufacturer of ice, ice cream, juices, milks, and yogurts across Curacao, Aruba, and Bonaire. [ECF No. 1-1 ¶¶ 5-6]. Plaintiff's annual report, filed with the Florida Secretary of State on March 12, 2024, lists the Cindy as a manager and lists 2600 S. Douglas Road, Suite 913, Coral Gables, Florida 33134 (the "Douglas Road Address") as the address for Plaintiff's principal place of business, its registered agent, and Cindy. [ECF No. 14-4].
[3] Akici's annual report, filed with the Florida Secretary of State on January 29, 2024, lists Cindy as manager and details her address as the Cutler Bay Home. [ECF No. 14-3].

2

connection to Reliable Marine, LLC ("Reliable Marine"). From June 22, 2023, to October 7, 2024, Reliable Marine made several Facebook posts which include pictures or videos of Cindy advertising its services in South Florida. In addition, Reliable Marine posted Facebook videos which appear to show Cindy at the 2024 International Boat Show in South Florida. [ECF No. 14-6].

Oswald is a member of Gozoso Assets, LLC, a Florida limited liability company.[4] [ECF No. 14-7]. Several LinkedIn profiles, purporting to be for Oswald, indicate that he works in Miami, Florida. [ECF No. 14-8].

### B. Cindy and Oswald's Ties to the Netherlands

Cindy's Netherlands passport was issued on August 20, 2019, and expires on August 20, 2029. [ECF No. 16-3]. Oswald's Netherlands passport was issued on September 17, 2019, and expires on September 17, 2019.[5] *Id.* On June 13, 2023, Cindy and Oswald registered with the Netherlands Personal Records Database ("BRP").[6] [ECF No. 21-1]. According to the certified translated BRP extracts submitted in support of the Motion, Cindy and Oswald's current residence is listed as a "residential address" in the City of Rotterdam, Netherlands. *Id.* The BRP documents are signed and confirmed by the Director of Civil Affairs and Taxation on behalf of the Mayor of Rotterdam. *Id.* In their affidavits submitted in support of the Motion, Cindy and Oswald both attest

---

[4] Gozoso's annual report filed with the Florida Secretary of State on April 25, 2024, lists Oswald as a manager. The report lists the Douglas Road address as the address for Oswald and Gozoso's registered agent. [ECF No. 14-7].

[5] Defendant notes that Cindy and Oswald's passports were issued by the Minister of Foreign Affairs and that Section 40(1)(d) of the Netherlands Passport Act provides that the Minister of Foreign Affairs only issues passports to citizens living abroad. However, Cindy and Oswald obtained their Dutch passports in 2019, before they contend to have moved to the Netherlands in 2023.

[6] The BRP "contains the personal data of people who live in the Netherlands (residents) and of people who live abroad (non-residents)." https://www.government.nl/topics/personal-data/personal-records-database-brp (last accessed on April 24, 2025). Anyone living in the Netherlands for longer than 4 months must register as a resident with the BRP. https://www.government.nl/topics/personal-data/question-and-answer/when-should-i-register-with-the-personal-records-database-as-a-resident (last accessed on April 24, 2024). Non-residents and people who will be staying in the Netherlands for less than 4 months can register as a non-resident in the Non-residents Record Database (RNI) using their address abroad. The RNI is part of the BRP. [ECF No. 19-3].

that they moved to the Netherlands in June 2023 with the intent of establishing their permanent residence there. In addition, they both attest that, through Plaintiff, they entered into a lease agreement for an apartment in the Netherlands beginning on June 1, 2023 (the "Lease") and have lived there continuously.[7]

## II.   Defendant

Defendant is a corporation formed under the laws of Curacao, where it maintains its principal place of business. [ECF No. 1 ¶ 7]. Sixty-seven percent of its shares are held by Vanddis B.V. and thirty-three percent are held by Plaintiff. [ECF No. 15].

## LEGAL STANDARD

Under the federal removal statute, a defendant in a civil action brought in a state court may remove the action to federal court only if it "could have been brought, originally, in a federal district court." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005); *see also* 28 U.S.C. § 1441(a). A district court's original jurisdiction is limited to one of three types: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) (quoting *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)). Here, Defendant has removed this action based on "alienage jurisdiction concerning an action between citizens of a State and citizens or subjects of a foreign state." *Rural International Bank Ltd. v. Key Financial Investment Group LLC*, No. 16-22280, 2017 WL 3382788, at *2 (S.D. Fla. Aug. 7, 2017) (citing 28 U.S.C. § 1332(a)(2) (internal quotation omitted)). "Like the complete

---

[7] Both Plaintiff and Defendant reference the Lease in their pleadings. However, neither party has provided the Court with a copy. Defendant contends that the copy of the Lease that it reviewed states, when translated into English, that it is a short-term rental agreement with a term of (2) years or less, beginning on June 1, 2023, and terminating on May 31, 2025. [ECF No. 14 ¶¶ 44-45]. Defendant further states that the Plaintiff is the tenant on the Lease and that Oswald signed the Lease on behalf of Plaintiff. *Id.* ¶¶ 44, 46.

diversity rule in cases between citizens of different states, alienage jurisdiction prohibits an alien from suing another alien in federal court unless suit includes United States citizens as plaintiffs and defendants." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) (internal citation omitted).

"The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction," *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012), and bears the burden of demonstrating that removal is proper, *see Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When considering a motion for remand, the district court must "strictly construe[] the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal quotation omitted).

## ANALYSIS

The jurisdictional dispute in this matter turns on the citizenship of the parties.[8]

**I.   Defendant's Citizenship**

The Court begins with the comparably simple task of establishing Defendant's citizenship. Defendant is a Curacao corporation with the "B.V." business structure, a Dutch private partnership. Most courts analyzing the B.V. structure have held it to be akin to a corporation as opposed to a limited liability company for purposes of diversity jurisdiction. *See BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (holding that a Netherlands B.V. should be treated as a corporation for purposes of diversity of citizenship); *Vreba-Hoff Diary Dev. V. Van*

---

[8] Though Plaintiff reserved the right to contest the amount in controversy in its Motion, there appears to be no real dispute that it is over $75,000. On the civil cover sheet, Plaintiff indicates that the amount of the claim exceeds $100,000. [ECF No. 1-3].

*Zelst*, No. 3:18cv880, 2018 WL 5435415, at *2 (N.D. Ohio Oct. 29, 2018) (same); *Stockton v. CNH Industrial America, LLC,* No. 16-cv-464, 2016 WL 11430713, at *1 (N.D. Okla. Sep. 29, 2016) (same). *But see Freeman v. Stake.com*, No. 22-cv-7002, 2023 WL 4187574, at * 2 (S.D.N.Y. June 26, 2023) (referring to Defendant Slicemedia B.V., as a limited liability company for purposes of jurisdiction). The Court finds the holding of the Seventh Circuit in *BouMatic* persuasive. Accordingly, for purposes of diversity jurisdiction, the Court holds that Defendant is a citizen of Curacao.[9]

## II.     Plaintiff's Citizenship

Plaintiff is a Florida limited liability company. It is well-established that the citizenship of a limited liability company is determined based on the citizenship of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Cindy and Oswald are the members of Plaintiff. Therefore, the Court's task is to determine their citizenship.

For purposes of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled. *See Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). "[D]omicile requires both residence in a state and an intention to remain there indefinitely[.]" *Id.* (quotation marks omitted). "Residence alone is not enough." *Id.* Moreover, once a person establishes domicile, it continues until he or she satisfies the mental and physical requirements of domicile in a new place. *See McDougald v. Jenson*, 786 F.2d 1465, 1483 (11th Cir. 1986). Thus, a person can reside in one place but be domiciled in another. *See Turner v. Penn. Lumbermen's Mut. Fire. Ins. Co.*, No. 3:07-cv-374, 2007 WL 3104930, at *3-4 (M.D. Fla. Oct. 22, 2007).

---

[9] If the Court held otherwise, Defendant's citizenship would be determined by the citizenship of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Because Plaintiff holds 33% of the shares of Defendant, and Cindy and Oswald are members of Plaintiff, Cindy and Oswald's citizenship would determine Defendant's citizenship and necessarily destroy diversity.

When assessing a person's domicile—specifically, his or her subjective intent to remain in a place—courts consider a series of non-exclusive, objective factors, including: "the location of real and personal property, business ownership, employment records, the location of bank accounts, payment of taxes, voter registration, vehicle registration, driver's license, membership in local organizations, and sworn statements of intent." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021). However, an individual's statement of intent is generally afforded little weight, particularly when contradicted by objective evidence. *See Molinos,* 633 F.3d at 1342. "No single factor is conclusive; instead, the Court looks to the totality of the evidence." *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

United States "citizens domiciled abroad are neither 'citizens of a State' under § 1332(a) nor 'citizens or subjects' of a foreign state and therefore are not proper parties to a diversity action in federal court." *Molinos*, 633 F.3d at 1341 (citing *Newman-Green, Inc. v. Alfonso-Larrain*, 490 U.S. 826, 828-29 (1989)). Accordingly, the Court must determine whether Cindy or Oswald are domiciled in the Netherlands or Florida. If the Court finds that either one of them is domiciled in the Netherlands, the Court lacks diversity jurisdiction and the action must be remanded to the state court.

As the party invoking federal jurisdiction, it is Defendant's burden to establish that diversity existed and removal was proper. *See City of Vestavia Hills*, 676 F.3d at 1313 n.1. Defendant has not done so.[10]

---

[10] While additional evidence as to Cindy and Oswald's domicile would have been helpful, the Court's determination is limited to the evidence presented at the time of removal and in the motion to remand. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215-16 (11th Cir. 2017) (holding that "[p]ost-removal discovery for the purpose of establishing jurisdiction in diversity cases cannot be squared with the delicate balance struck by Federal Rules of Civil Procedure 8(a) and 11 and the policy and assumptions that flow from and underlie them. . . Jurisdictional discovery could avoid the problem of speculation by the court. Sound policy and notions of judicial economy and fairness, however, dictate that we not follow this course.").

It is undisputed that Cindy and Oswald were born in Miami, have dual citizenship, and, at one point, lived in Florida. This, however, does not establish that they currently reside in Florida with an intent to remain here. The fact that Cindy and Oswald obtained social security numbers, Florida drivers' licenses, and Florida voter registrations *before* they moved to the Netherlands, certainly does not indicate an intent to remain in Florida. Indeed, maintaining these documents is "consistent with the life of a U.S. citizen domiciled abroad. That [Cindy and Oswald] remain registered to vote and [are Florida] licensed driver[s] is of no moment. As [] citizens of the United States, [they] remain entitled to vote in its elections." *Stewart v. Underwriters at Lloyd's, London*, No. 2:24-cv-326, 2025 WL 615181, at *2 (S.D. Fla. Feb. 26, 2025).

Defendant's attempt to show that Cindy and Oswald are domiciled in Florida by introducing the annual reports of Akici and Gozoso also fail. These reports were prepared before the filing of this action and its removal. Moreover, the Gozoso report lists Oswald's address as 2600 S. Douglas Road, Suite 913, Coral Gables, Florida 33134—the same as the business address for Plaintiff and Gozoso's registered agent. This cuts against a finding that Oswald ever resided at that address. And the Akici report lists Cindy's address as the Cutler Bay Home that has been for sale or rent (subject to a limited break to find a new broker) since the inception of this litigation.

Finally, the Court gives little weight to the social media posts provided by Defendant. First, the Court cannot ascertain when and where the photos and videos of Cindy were taken. Rather, the only verifiable date is the date when Reliable Marine posted the content. And, even if Cindy were in South Florida when Reliable Marine posted her photos and videos, returning to Florida sporadically does not establish her intent to remain there. The same holds true of the Akici/Thyme social media post. And, with respect to the LinkedIn accounts purportedly held by Oswald, Defendant has not clearly established that those are indeed posts from Oswald's account.

The most objective evidence before the Court as to Cindy and Oswald's domicile is their registration with the BRP. Cindy and Oswald registered with the Netherlands BRP and listed a residential address in the City of Rotterdam.[11] This registration is required for anyone living in the Netherlands for more than 4 months. It is undisputed that Oswald signed the Lease for an apartment in the Netherlands. Though Defendant contends that the lease is for only 2 years—the Court finds this is more evidence of an intent to stay – particularly when Cindy and Oswald's prior residence—the Cutler Bay Home—is for sale. Finally, in their affidavits, both Cindy and Oswald state their intent to stay in the Netherlands indefinitely. While the Court gives little weight to the statements alone, they are supported by record evidence. The totality of the record reflects that both Cindy and Oswald resided in the Netherlands at the time of removal and they intend to remain there indefinitely.

Because they are "stateless" U.S. citizens, Cindy and Oswald are not a "proper part[ies] to a diversity action in federal court." *Molinos*, 633 F.3d at 1341; *Newman-Green, Inc.*, 490 U.S. at 828–29. The Court thus lacks subject matter jurisdiction over this action. To the extent there is even a modicum of doubt, such uncertainty must be resolved in favor of remand. *See Scimone*, 720 F.3d at 882; *Golodetz v. Cypher*, No. 6:20-cv-1234, 2020 WL 13359529, at *3 (M.D. Fla. Oct. 22, 2020) ("[I]t is Defendants' burden to demonstrate [Plaintiff's] citizenship . . . Defendants have not tipped the scale enough to satisfy their burden by a preponderance of the evidence . . . so this Court will grant the Motion to Remand.").

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

---

[11] Defendant attempts to argue that Cindy and Oswald's BRP registration could be an RNI registration for non-residents. However, Cindy and Oswald both listed a residential address in the Netherlands in their BRP registration, thus belying any speculation that they registered as non-residents.

9

1. Plaintiff's Verified Motion to Remand for Lack of Subject Matter Jurisdiction, [ECF No. 18], is **GRANTED**.

2. This action is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of April, 2025

.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE